FILED

**NOT FOR PUBLICATION**

FEB 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA G. NAVARRO-FIGUEROA, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 10-70132 Agency No. A030-480-098 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 6, 2014
Pasadena, California

Before: SCHROEDER and CLIFTON, Circuit Judges, and COGAN, District
Judge.[**]

Maria Navarro-Figueroa petitions for review of the decision of the Board of

Immigration Appeals ("BIA") finding her removable for having assisted an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

undocumented alien in entering the United States. *See* 8 U.S.C. § 1227(a)(1)(E)(i). We deny the petition.

Navarro-Figueroa contends that the BIA erred in relying on three I-213 forms and a G-166 report of investigation because those documents contained statements obtained in violation of 8 C.F.R. § 287.3(c). Section 287.3(c) provides that an alien who has been "arrested without warrant and placed in formal proceedings" must be informed that she has a right to counsel and that statements she makes may be used against her. Formal proceedings commence with the filing of a notice to appear in the immigration court. *Samayoa-Martinez v. Holder*, 558 F.3d 897, 901–02 (9th Cir. 2009). Because Officer Rivera questioned Navarro-Figueroa before a notice to appear was filed in the immigration court, Navarro-Figueroa was not entitled to be informed of her rights.

Substantial evidence supports the BIA's determination that Navarro-Figueroa affirmatively assisted Beatrice Perez-Ceja in entering the United States in violation of law. The immigration forms and the testimony of Officer Rivera indicated that Navarro-Figueroa met with Perez-Ceja in Tijuana and agreed to drive Perez-Ceja to Los Angeles after she crossed the border, knowing that Perez-Ceja lacked permission to enter the United States legally.

Petition **DENIED**.

2